# UNITED STATES DISTRICT COURT
## for
## WESTERN DISTRICT OF TENNESSEE

FILED BY _____ D.C.

05 JUN -2 PM 4: 23

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

U.S.A. vs. Charmane Jones

Docket No. 2:02CR20098-001

### Petition on Probation and Supervised Release

**COMES NOW** Lorin J. Smith, **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Charmane Jones, who was placed on supervision by the Honorable J. Daniel Breen, United States District Judge, sitting in the Court at Memphis, Tennessee on the 28th day of August 2003, who fixed the period of supervision at *two (2) years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall participate in substance abuse treatment and testing as directed by the probation office.
2. The defendant shall attempt to obtain his GED as directed by the probation office.
3. The defendant shall obtain and maintain full time, verifiable employment as directed by the probation office.
4. The defendant shall participate in mental health treatment as directed by the probation office.**

\* Supervised Release began on February 25, 2004.

\*\* Amended to include on January 26, 2005.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
*(If short insert here; if lengthy write on separate sheet and attach)*

### SEE ATTACHED

**PRAYING THAT THE COURT WILL ORDER** that **WARRANT** be issued for Charmane Jones to appear before the United States District Court to answer to charges of violation of Supervised Release.

**BOND:** No bond

## ORDER OF COURT

Considered and ordered this 2nd day of June, 2005, and ordered filed and made a part of the records in the above case.

_____
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 25, 2005

_____
Lorin J. Smith
U.S. Probation Officer

Place: Memphis, Tennessee

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on _____

RE: Charmane Jones
Docket No. 2:02CR20098-001
Probation Form 12
Page 2

# RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:

**The defendant shall not commit another federal, state or local crime.**

On May 1, 2005, Mr. Jones was taken into custody after a court hearing for failure to appear by Bartlett City Police Officers. Prior to entering the penal facility Mr. Jones was asked if he had any contraband on him. He replied, "no." Upon routine search of the defendant's person a clear plastic bag containing a green leafy substance, consistent with marijuana was located in the defendant's left sock underneath the defendant's ankle. A field test was performed on the green leafy substance. The test confirmed that the substance was marijuana.

Bartlett Police Department charged Mr. Jones with Introduction of Contraband into a Penal Institution, a C felony. Mr. Jones has been released from custody on $1000.00 bail. He is scheduled to appear in Bartlett City Court June 22, 2005 on this charge.

**The defendant shall refrain from the unlawful use of a controlled substance.**

Charmane Jones tested positive for the use of marijuana on July 23, 2004 and December 27, 2004.

**The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.**

On May 1, 2005, Charmane Jones was in possession of 5.1 grams of marijuana.

**The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.**

Mr. Charmane Jones was arrested by the Bartlett City Police Department on May 1, 2005 for Introduction of Contraband Into a Penal Institution.

Mr. Jones failed to notify the probation officer of this arrest within 72 hours.

**The defendant shall participate in mental health treatment as directed by the probation office.**

On April 11, 2005, Charmane Jones was referred to Foundations Associates for Mental Health Treatment. He failed to contact Foundation Associates as required.

# VIOLATION WORKSHEET

1. Defendant: <u>Charmane Jones, 2510 Lockmeade, Memphis, TN 38127</u>

2. Docket Number: <u>2:02CR20098-001</u>

3. District/Office: <u>Western District of Tennessee, Memphis</u>

4. Original Sentence Date   <u>August</u>     <u>28</u>     <u>2003</u>
                              month        day       year

*(If different than above):*

5. Original District/Office:

6. Original Docket Number :

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation(s) | Grade |
|---|---|
| New Criminal Conduct: Introduction of Contraband into a Penal Facility | B |
| Drug Use | C |
| Possession of Marijuana | C |
| Failure to Notify Probation Officer of Arrest | C |
| Failure to Participate in Mental Health Treatment | C |

8. Most Serious Grade of Violation (see §7B1.1(b))     B

9. Criminal History Category (see §7B1.4(a))74     I

10. Range of imprisonment (see §7B1.4(a))     **4 -10 months**

The Statutory Maximum is 24 months.

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

   {X} (a) If the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is at least one month but not more than six months, § 7B1.3(c)(1) provides sentencing options to imprisonment.

   { } (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, § 7B1.3(c)(2) provides sentencing options to imprisonment.

   { } (c) If the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit

**Defendant:** <u>Charmane Jones</u>

## 12. Unsatisfied Conditions of Original Sentence

List any restitution, fine community confinement, home detention, or intermittent confinement Previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see § 7B1.3(d)}:

| | |
|---|---|
| Restitution___N/A___ | Community Confinement___N/A___ |
| Fine_____N/A_____ | Home Detention_____N/A_____ |
| Other/Special Assessment __N/A__ | Intermittent Confinement___N/A___ |

## 13. Supervised Release

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of § §5D1.1-1.3{<u>see</u> § §7B1.3(g) (1)}.
                        Term:

If supervised release is revoked and the term of imprisonment imposed is less than the maxim term of imprisonment upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {<u>see</u>18U.S.C.§3583(e) and §7B1.3(g) (2)}.

Period of supervised release to be served following release from imprisonment: [__]

## 14. Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

## 15. Official Detention Adjustment {<u>see</u> §7B1.3(e)}: [Adjust Months] months [Adjust Days] days

**Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

RE: **Charmane Jones**
Docket No. **2:02CR20098-001**
Probation Form 12

## Bond Recommendation

Charmane Jones has failed to comply with the conditions of his supervised release. He has tested positive for the use of Marijuana on two occasions and has failed to comply with the requirement to participate in mental health counseling.

Additionally, Mr. Jones has been convicted in the Bartlett City Court for failure to appear. Due to his use of drugs, his non-compliance with supervision requirements and his recent history of not appearing for court Mr. Charmane Jones is a significant risk for not appearing for his future court hearings. It also appears that no condition or set of conditions would assure Mr. Jones' appearance at court or could guarantee his abstinence from the use of drugs while out on bond.

It is the recommendation of the United States Probation Office that Mr. Charmane Jones be held without bond

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 46 in case 2:02-CR-20098 was distributed by fax, mail, or direct printing on June 8, 2005 to the parties listed.

---

Timothy R. DiScenza
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT